UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLA BEEN, *individually and on behalf of all others similarly situated*,<br><br>         Plaintiff,<br><br>         v.<br><br>CVS HEALTH CORPORATION, CVS PHARMACY, INC., and DOES 1 through 10,<br><br>         Defendants. | Case No.   4:22-cv-964<br><br>State Court Case No. 22SL-CC03550 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant CVS PHARMACY, INC., ("CVS") hereby removes the above-captioned action from the Circuit Court for St. Louis County, Missouri (where this action bore the case number Case No. 22SL-CC03550) to the United States District Court for the Eastern District of Missouri. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

In further support of this Notice of Removal, CVS states as follows:

**PROCEDURAL HISTORY**

1.      On August 3, 2022, Plaintiff Carla Been, on behalf of herself and all others similarly situated in Missouri, filed the removed case, *Been v. CVS Health Corporation et al.*, Case No. 22SL-CC03349, in the Circuit Court for St. Louis County, Missouri, which is within the jurisdiction and venue of the United States District Court for the Eastern District of Missouri,

1

Eastern Division. A true and correct copy of the Petition is attached as **Exhibit 1**. Attached as **Exhibit 2** is a true and correct copy of the Summons that issued.

2.  Exhibits 1 and 2 constitute all the process, pleadings, and orders that have been served upon CVS in connection with Case No. 22SL-CC03550, in the Circuit Court for St. Louis County, Missouri. No other documents are on file in the state court as of the date of this removal notice. *See* Local Rule 2.03.

3.  On August 10, 2022, plaintiff amended the class action petition, attached as **Exhibit 3**. The Amended Petition has not been served on any Defendant.

4.  A true and correct copy of the state court docket in Case No. 22SL-CC03550 is attached as **Exhibit 4**, as Local Rule 2.03 requires.

## BACKGROUND

5.  Plaintiff is Carla Been, who alleges she is a citizen and resident of Missouri. Ex. 1, ¶ 7.

6.  Defendant CVS Health Corporation, who has not been served in this matter, is a citizen of Delaware and Rhode Island. *Id.* ¶ 9.

7.  Defendant CVS Pharmacy, Inc., is a citizen of Rhode Island and Delaware. *Id.* ¶ 10.

8.  Plaintiff alleges that CVS improperly advertises certain over-the-counter "CVS Health" branded cough medicine as "Non-Drowsy." *Id.* ¶ 1. In particular, Plaintiff brings claims related to her and other Missouri residents' purchases of "CVS Health" products that contain dextromethorphan hydrobromide ("DXM") and have been marketed as Non-Drowsy (the "Products"). *Id.* ¶¶ 2–3. According to Plaintiff, it is misleading for CVS to advertise the Products as Non-Drowsy because DXM is "scientifically proven to cause drowsiness." *Id.* ¶ 1.

9. Plaintiff has brought claims against CVS for (i) breach of warranty, (ii) breach of implied contract, (iii) unjust enrichment, and (iv) violation of the Missouri Merchandising Practices Act. *Id.* ¶¶ 79–114.

10. Plaintiff asserts claims on behalf of herself and a putative class of "[a]ll Missouri citizens who purchased the Products during the Class Period in Missouri," meaning all Missouri citizens who purchased the Products from August 3, 2017, to August 3, 2022. *Id.* ¶ 15.

11. In her Petition, Plaintiff requests compensatory damages, restitution, disgorgement, attorneys' fees, and injunctive relief. *Id.* at 19 & ¶ 58, 105.

## VENUE

12. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing St. Louis, Missouri, the location where the state court case was pending.

## NOTICE OF REMOVAL IS TIMELY

13. Plaintiff served the Petition on CVS on August 15, 2022.

14. Removal is timely under 28 U.S.C. § 1446(b) because this notice of removal was filed on September 14, 2022, which is within 30 days of service of the Petition.

## BASIS FOR REMOVAL

15. Under the provisions of 28 U.S.C. § 1332, this Court would have original jurisdiction over this case and therefore, this case may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

15. Pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), "[t]he district courts shall have original jurisdiction of any civil action where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a

3

class action in which—(a) Any member of a class of plaintiffs is a citizen of a State different from any defendant . . . " 28 U.S.C. § 1332(d)(2). CVS also invokes all other grounds for removal that exist under applicable law. The action therefore is removable to this Court under both 28 U.S.C. § 1441 and § 1453.

16. Under CAFA, federal jurisdiction exists over class actions where (i) minimal diversity exists (i.e. where at least one member of a putative class of plaintiffs is a citizen of a State different from at least one defendant), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 putative class members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at least $5 million, exclusive of interests and costs, *see id.* § 1332(d)(6). This action satisfies CAFA's requirements.

17. This case qualifies as a "class action" under CAFA. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that the case is an "asserted class action" that "comports with Missouri Supreme Court Rule 52.08." Ex. 1 ¶ 14. Missouri Supreme Court Rule 52.08 is titled "Class Actions" and is similar to Federal Rule of Civil Procedure 23. *Compare* Mo. Sup. Ct. R. 52.08 *with* Fed. R. Civ. P. 23.

18. The minimal diversity requirement is met here. Plaintiff is a citizen of Missouri and CVS is not. *See* Ex. 1 ¶ 7 ("Plaintiff Carla Been is a citizen and resident of St. Louis County, Missouri."), ¶ 10 (CVS is a Delaware Corporation with principal place of business in Woonsocket, Rhode Island).

19. CAFA's numerosity requirement is satisfied as well. Plaintiff has alleged claims on behalf of a putative class of "[a]ll Missouri citizens who purchased the Products during the

Class Period in Missouri," meaning all Missouri citizens who purchased the Products between August 3, 2017, and August 3, 2022. Ex. 1 ¶ 1 & ¶ 15. Plaintiff alleges that the class "includes thousands of individuals on a statewide basis." *Id.* ¶ 16. Thus, the proposed class exceeds 100 people.

20.     CAFA's amount in controversy requirement is met as well. To determine the amount-in-controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). To calculate that amount, the district court must "add[] up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). When making this calculation, the Court should determine whether a factfinder "might" conclude, based on the allegations in the operative pleading, that the damages are over $5 million. *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (where "notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much" (internal marks omitted)); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) ("[W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." (internal marks omitted)).

21.     To satisfy the amount in controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S.

5

81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

22. Here, the amount in controversy exceeds $5 million.

23. Plaintiff seeks damages of over $5 million. Plaintiff claims that if she "had been aware of the falsity and misleading nature of Defendant's claims regarding the Product," then she "would not have bought the Product." Ex. 1 ¶¶ 57, 58, 71. See *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (Court held that the total charges for the medications sold was sufficient to meet the jurisdictional minimum); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985-86(&th Cir. 2008)(total charges were sufficient because Plaintiffs' claim put into controversy the propriety of all of the charges); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-02 (9th Cir. 2010)(amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the liability.) Plaintiff also seeks "institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct." Ex. 1 ¶ 106. Plaintiff seeks that remedy on behalf of a class of purchasers of Products from August 3, 2017, to August 3, 2022. *Id.* at ¶ 1 & ¶ 15. CVS's retail sales of the non-drowsy Products in Missouri exceed $4 million during that period. *See Pirozzi*, 938 F.3d at 984 (so long as "notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court" (internal marks omitted)).

24. Plaintiff seeks injunctive relief. When measuring the value of injunctive relief for CAFA jurisdictional purposes, in particular, courts in this Circuit have considered the cost

6

to a defendant of complying with an injunction in determining the amount in controversy. *See Adams v. Am. Fam. Mut. Ins. Co.*, 981 F. Supp. 2d 837, 849–51 (S.D. Iowa 2013); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930–31 (E.D. Ark. 2008). Here, the injunctive relief sought by Plaintiff appears to include corrective changes to the packaging of the Products. *See* Ex. 1 ¶ 76 (alleging that Plaintiff "faces an imminent threat of harm because she will not be able to rely on Defendant's labels in the future (without relief)"). Changing the Products' packaging could require CVS to (1) recall the Products from stores; (2) destroy all of the Products' packaging; (3) redesign that packaging; (4) redesign any advertising that incorporates the current packaging; and (5) re-ship the Products to stores with the new packaging. To ensure compliance with such injunctive relief, CVS would need to change its packaging nationwide. On information and belief, this process would cost millions. *Cf. Fefferman v. Dr. Pepper Snapple Grp., Inc.*, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (estimating that "the corrective advertisement campaign would cost Defendants approximately $4,985,000," including the costs of unused packaging and reclaiming unsold products from retailers).

25. Plaintiff's petition seeks reasonable attorney's fees, which she claims is available for the claims brought under the Missouri Merchandising Practices Act. *See* Ex. 1 at 18; Mo. Rev. Stat. § 407.025.1.2(2). Those attorney's fees may be included as part of the amount in controversy calculation. *See Pirozzi*, 938 F.3d at 984. See also *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621–22 (8th Cir. 2018) (Eighth Circuit affirmed a finding that where compensatory damages might total $3.6 million, a fee award of $1.4 million was at least possible.)

26. Taken together, the compensatory relief, injunctive relief, and attorneys' fees easily satisfies CAFA's amount in controversy requirement. *See Pirozzi*, 938 F.3d at 984 (standard for amount-in-controversy is what plaintiff "might" recover).

27. Plaintiff's attempt to limit the relief requested by her Petition to less than $5 million through a stipulation does not affect the analysis. The U.S. Supreme Court has held that such a stipulation does not defeat CAFA jurisdiction "because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co.*, 568 U.S. at 593. Not only has this been settled for almost a decade, this same Plaintiff's counsel was reminded of it just a few months ago, when Judge Schelp pointed out to him that in *Standard Fire* "the Supreme Court of the United States specifically rejected this exact argument." *Fischer v. Vital Pharms. Inc.*, No. 4:22-cv-136, 2022 WL 1185153, at *2 (E.D. Mo. Apr. 21, 2022). In *Fischer*, Plaintiff stipulated that he disclaimed – on behalf of himself and the purported class"- any damages exceeding $5,000,000. *Id*. Here, Plaintiff makes a similar disclaimer in both the prayer for relief and the attached stipulation where she and counsel disclaim and abandon any damages in excess of $5,000,000 for both this named plaintiff and the class. Petition pg. 19-20. Plaintiff's attempts to limit the damages in *Fischer* and this matter are in direct conflict with US Supreme Court rulings and should not be permitted.

28. CVS therefore has met the requirements to show that CAFA jurisdiction exists, making removal to this Court proper.

29. Although CAFA contains several exceptions to jurisdiction, "[t]he party seeking remand bears the burden of proof for a CAFA exception." *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th

8

Cir.2010) ("Once CAFA's initial jurisdictional requirements have been established . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies.").

30. Since CVS is a Delaware corporation with a principal place of business in Rhode Island both the home state exception and the local controversy exceptions do not apply. 28 U.S.C. § 1332(d)(4)(A)(i)(II); 28 U.S.C. § 1332(d)(3).

## NOTICE TO ADVERSE PARTY AND STATE COURT

31. Pursuant to 28 U.S.C. § 1446(d), CVS served written notice of removal of this case on Plaintiff's counsel by first-class mail and email:

> Daniel F. Harvath, #57599MO
> **HARVATH LAW GROUP, LLC**
> 75 W. Lockwood, Suite #1
> Webster Groves, MO 63119
> dharvath@harvathlawgroup.com

32. Pursuant to 28 U.S.C. § 1446(d), CVS will promptly file a notice of this removal filing with the Clerk of the Circuit Court for St. Louis County, Missouri.

33. CVS will promptly file proof of having filed this Notice of Removal with the clerk of the state court and having served it on all adverse parties, as Local Rule 2.03 requires.

## CONCLUSION

34. The recitation of Plaintiff's allegations in this Notice is not a concession that Plaintiff's allegations or legal theories have merit. CVS reserves the right to assert all applicable defenses in this matter and denies that Plaintiff or any member of the putative class is entitled to any relief. By removing this matter, CVS does not waive and reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses. CVS does not concede that class certification is appropriate or that Plaintiff is entitled to any recovery whatsoever.

35.     Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, CVS hereby removes the above-captioned action from the Circuit Court for St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: September 14, 2022                              Respectfully submitted,

                                               */s/ Rachel C. Groves*
Rachel C. Groves, 72824MO
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
rcgroves@shb.com
***Counsel for Defendant,***
***CVS PHARMACY***