IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CARLA BEEN, *individually and on behalf of all others similarly situated,*<br>　　　Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION,<br>CVS PHARMACY, INC.,<br>and DOES 1 through 10,<br><br>　　　Defendants. | Case No. 4:22-cv-00964-HEA<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Carla Been hereby files her motion to remand this matter back to Missouri State Court, pursuant to 28 U.S.C. § 1447(c). In support, Plaintiff asserts as follows:

### *This Action Does Not Satisfy the Requisite Amount in Controversy*

1. Despite being required to by all federal precedent, Defendant has provided no evidence whatsoever to attempt to "prove" the amount in controversy. Defendant has failed to provide specific facts or evidence to prove its dubious assertion that the amount in controversy exceeds $5 million. For this reason alone, the Court must remand this lawsuit back to Missouri state court. *See, e.g., Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009)(requiring a Defendant to provide "specific facts or evidence" to support removal).

2. The party seeking to remove in the CAFA context "has the burden to *prove* the requisite amount by a *preponderance of the evidence*." *Bell,* 557 F.3d at 956 (emphasis added). "The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell,* citing *Advance Am. Servicing of Ark., Inc. v. McGinnis,* 526 F.3d 1170, 1173 (8th Cir. 2008). Although the preponderance standard is less demanding than a legal certainty

1

standard, the burden is still on Defendant to provide "**specific**" facts or evidence, not merely legal conclusions and assertions. *Bell,* at 956.

3. Here, Defendant has provided no facts or evidence whatsoever. Instead, Defendant tries to sophistically build its case entirely upon its own argumentation and assertions. This will not suffice.

4. Plaintiffs' proposed recovery, as *specifically* set forth in her Petition, will be "a percentage of the price paid for the Product." (Doc. 1-1, ¶ 76). Specifically, as Defendant knows, Plaintiff will provide expert evidence as to the precise "price premium" attributable to the false claim. In a case like this, a "price premium" – which Defendant will vehemently argue is minimal – could hypothetically be 10% or even lower. In such an event, Plaintiffs' total recovery would be just a small fraction of what the total sales of the Product were in Missouri – information Defendant has conspicuously failed to provide. Without at least providing such information, Defendant cannot come close to meeting its burden to "prove" "by a preponderance of the evidence," and using "specific facts and evidence," that the amount in controversy has been met. *Bell,* 557 F.3d at 956

5. For these reasons, Defendant has failed to show that the requisite amount in controversy has been met.

*Plaintiff's Stipulation Prevents Removal*

6. In addition to the above, Plaintiff specifically disclaimed and stipulated in her filing that she would not recover more than $5 million dollars, on her behalf, or on behalf of any class. Plaintiff's State Court Petition, (Doc. 1-1) at p. 19. Specifically, Plaintiff stated, in large, bold lettering that: "**PLAINTIFF, ON BEHALF OF HERSELF AND THE PURPORTED CLASS, HEREBY DISCLAIMS AND/OR ABANDONS ANY AND ALL RECOVERY EXCEEDING FIVE MILLION DOLLARS.**" *Id.* In short, Plaintiff, conspicuously and thoroughly, *stipulated* – through a signed and executed pleading submitted by her attorney – that she would not recover more than $5 million. In addition – as set forth *infra* – Plaintiff and her counsel further stipulated pursuant to their

2

Exhibit A to the Petition.

7.     Plaintiff's in-petition stipulation to not recover more than $5 million is binding and enforceable and can prevent removal in these circumstances. *Rolwing v. Nestle Holdings, Inc.,* 666 F.3d 1069, 1072 (8th Cir. 2012), *abrogated on other grounds* by *Standard Fire Ins. Co. v. Knowles,* 122 S.Ct. 1345 (2013).  As the Eighth Circuit made clear in *Rolwing,* under Missouri law, stipulations not to recover damages over a certain amount "are 'controlling and conclusive, and courts are bound to enforce them.'" *Rolwing,* at 1072, citing *Zipper v. Health Midwest,* 978 S.W.2d 398, 410 (Mo. App. 1998)(quoting *Pierson v. Allen,* 409 S.W.2d 127, 130 (Mo. 1966).  As the *Rowling* court recognized, "Missouri courts will apply judicial estoppel to enforce the terms of the stipulations." *Rowling,* at 1072.

8.     Consequently, in a Missouri-filed case such as the present – where a Plaintiff clearly disclaims recovery over $5 million – "Missouri's well-established judicial estoppel doctrine makes these stipulations binding, [such that] *it is legally impossible for the amount in controversy … to meet CAFA's threshold*." *Id.* (emphasis added)

9.     To preemptively address the sort of concerns raised by the Eighth Circuit in cases such as *Standard Fire Ins. Co. v. Knowles,* 122 S.Ct. 1345 (2013), Plaintiff has expanded upon the in-petition Stipulation. Although the *Standard Fire* Court was concerned by the contingent quality of a pre-certification stipulation, Plaintiff's **full** Stipulation addresses – and solves – that very problem. Crucially, Plaintiff's Stipulation further provides that "If [Plaintiff] is replaced as named representative in this Action, Plaintiff's counsel stipulates and affirms and covenants that ***any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery.***" Plaintiff and Counsel's Stipulation Regarding Recoverable Damages, *attached and incorporated into Plaintiff's Petition as "Exhibit A,"* (hereinafter "Stipulation")(Doc. 1-1, at 21). The language of the Stipulation provides that *every* class representative (the only persons deciding upon recovery) ***must*** similarly disclaim damages above five million dollars.  Consequently, every single representative class

3

member for this *specific* "Action" necessarily will be bound by the Stipulation, including, and especially following the certification of the Action. Indeed, counsel's stipulation is fully enforceable under Missouri law and solves the concern raised in *Standard Fire*. In other words, even though the proposed class is not legally bound before the class is certified, the Stipulation guarantees that any future class *will* be bound (upon certification), or such certification cannot occur (as it could be blocked by the Missouri State Court per the Stipulation). Consequently, this particular "action" is not removable.

10. *A fortiori*, to further cement the limiting effect of the Stipulation, Plaintiff and Plaintiff's Counsel additionally point out that they "intend for this Stipulation to *continue to apply to, and bind, any other class members bringing any claim in this specific 'Action'"*. Stipulation, at ¶ 3 (emphasis added). The Stipulation will continue to be binding in this specific Action going forward. The Missouri State Court can use judicial estoppel to enforce the other terms of the Stipulation in the same manner as it can so enforce damage-limiting stipulations, which the Missouri Supreme Court holds are 'controlling and conclusive," with courts being "bound to enforce them.'" *Allen,* 409 S.W.2d at 130. In this respect, even post-certification, the Stipulation will remain in effect, thereby binding all members of the certified class.

### *Conclusion*

11. This case was improperly removed because a realistic amount in controversy is millions of dollars less than the $5 million requirement. Defendant has not carried its burden to prove otherwise. Remand is thus appropriate. Alternatively and/or additionally, Plaintiff's Stipulation – which specifically cures the Supreme Court's concern in *Standard Fire* – necessarily limits damages below $5 million. Consequently, this Action is not removable.

12. For all these reasons, Plaintiff requests that the Court **REMAND** this lawsuit to Missouri State court.

4

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

   The Undersigned hereby certifies that a copy of the foregoing document was provided to all counsel of record automatically via the Court's electronic filing system.


                     */s/   Daniel F. Harvath            .*