IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CARLA BEEN, | ) | |
| *individually and on behalf of* | ) | Case No. 4:22-cv-00964-HEA |
| *all others similarly situated,* | ) | |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CVS HEALTH CORPORATION, | ) | |
| CVS PHARMACY, INC., | ) | |
| and DOES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION TO REMAND**

Plaintiff Carla Been hereby files this Reply in Support of her Motion to Remand ("Motion") pursuant to 28 U.S.C. § 1447(c), stating as follows:

*This Lawsuit Must Be Remanded*

As Plaintiff pointed out in her Motion to Remand (Doc. 7), this lawsuit must be remanded because Defendant has failed to meet its burden to establish the amount in controversy. In addition, and/or alternatively, Plaintiff's Stipulation prevents removal.

*This Action Does Not Satisfy the Requisite Amount in Controversy*

This Action falls short of meeting the requisite $5 million amount in controversy by millions of dollars. As Plaintiff pointed out in her Motion to Remand, the party seeking to remove in the CAFA context "has the burden to *prove* the requisite amount by a *preponderance of the evidence*." *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009)(emphasis added). "The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell,* citing *Advance Am. Servicing of Ark., Inc. v. McGinnis,* 526 F.3d 1170, 1173 (8th Cir. 2008). Although the preponderance standard is less demanding than a legal certainty standard, the

burden is still on Defendant to provide "**specific**" facts or evidence, not merely legal conclusions. *Hershey Co.,* 557 F.3d at 956. Defendant failed to meet its burden initially, and has failed again in its Response in Opposition to Plaintiff's Remand Motion (Doc. 12)("Response"). Indeed, the fact that Defendant's proffered "evidence" actually confirms the amount in controversy is *not* met may explain why Defendant did not provide the same initially.

Despite being challenged for not having it, and having time to obtain and present the same, still the *only* "evidence" Defendant points to for its argument on compensatory damages is a single, conclusory assertion by one of its executives that "total sales for the products at issue is approximately $4 million for the relevant time period" Response, at 7, citing declaration of Jessica Donahue. That blanket assertion is far too vague, and falls short of meeting Defendant's burden to establish the amount in controversy, even if it is endorsed by one of Defendant's executives.

Granted, Defendant did provide paragraph-after-paragraph of *argumentation and assertions* attempting to prop up its executive's blanket statement, but argumentation and assertions are not evidence. Even if the burden is slight, Defendant still must "*prove*" the amount in controversy by a "*preponderance of the evidence*." *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009)(emphasis added). Defendant's one-sentence, self-serving conclusion by an executive is *not* sufficient "evidence" – not in-and-of-itself, but certainly not as the *entire fulcrum* for Defendant's actual damages argument.

This is especially true because Plaintiff expressly stated in her Petition that damages will be "a percentage of the price paid for the Product." (Doc. 5, ¶ 76). As Plaintiff argued initially, Plaintiff will provide expert evidence as to the precise "price premium" attributable to the false claim, and, in a case like this, a "price premium" – which Defendant will vehemently argue is minimal – could hypothetically be 10% or even lower. Motion to Remand (Doc. 7), at 4. In such an event, Plaintiffs' total recovery would be just a small fraction of what the total sales of the Product were in Missouri, which Defendant vaguely claims are "approximately $4 million." If *total sales* were just $4 million, a more reasonable

estimate of damages would be approximately $400,000. In its Response, Defendant completely ignored this fact, while providing no explanation as to how or why damages must be the entire cost of every product sold.

Moreover, the fact that Defendant's "evidence" is nothing more than a conclusory, self-serving statement without any detail or further support renders it insufficient even if the math added up. If Defendant had hypothetically met its burden (which it has not) Plaintiff would then have to prove the requisite amount in controversy is "legally impossible." Plaintiff, hypothetically, *could* show such a "legal impossibility" merely by proving Jessica Donahue's blanket, conclusory statements are false. In fact, according to Defendant's logic (Donahue's statement + arguments and assertions = standard met), doing so would effectively negate Defendant's whole showing. Yet, without leave to conduct discovery, and without the ability to cross-examine Donahue, Plaintiff has no ability to "disprove" the wholly-conclusory statement upon which Defendant now relies. There are *no* underlying numbers, no sales figures, no explanation even as to what, specifically "total sales … [being] approximately $4 million" means. Defendant's self-serving, conclusory statements are insufficient "evidence."

This same logic applies to the vague, unsubstantiated remarks about the cost of conducting a "nationwide" of the Products, something that Plaintiff's *Missouri*-focused lawsuit does not even contemplate. Response, at 7, citing declaration of Jessica Donahue, at ¶ 4-7 (describing costs for *nationwide* recall). Defendant has wholly failed to provide *any* evidence whatsoever illustrating that ***Missouri***-based injunctive relief could "exceed the $5 million [minimum]," as Defendant baldly claims. Presumably, injunctive relief in relation to 1/50th of the "nationwide" market (one state out of fifty), would be 1/50th the cost, or approximately $100,000. Taken judiciously and reasonably calculated, it is quite likely that Defendant's total damages will be in the $100s of thousands, nowhere close to the $5 million requirement.

Defendant's attempt to remove in this case comes down to what is the minimum "evidence" a

Court will tolerate in finding that a removing party has met "the burden to *prove* the requisite amount by a *preponderance of the evidence*," using "specific facts or evidence." *Hershey Co.,* 557 F.3d at 956 (emphasis added).  Here, Defendant has provided just a collection of vague, conclusory, and self-serving assertions by an executive – nothing more –, and built its entire removal around the same.  Defendant was asked to provide "specific facts or evidence" (by Plaintiff in her Motion to Remand), had every opportunity to do so, but for some reason has refused to do so. *See id.*  Consequently, Defendant has failed to meet its burden, and the Court should remand for this reason as well.

### *Plaintiff's Full Stipulation Also Prevents Removal*

Plaintiff's Full Stipulation, including each of its component parts, is binding and enforceable by Missouri courts, and therefore prevents removal. *See Rolwing v. Nestle Holdings, Inc.,* 666 F.3d 1069, 1072 (8th Cir. 2012), *abrogated in part* by *Standard Fire Ins. Co. v. Knowles,* 122 S.Ct. 1345 (2013); *see also* Plaintiff and Counsel's Stipulation Regarding Recoverable Damages, *attached and incorporated into Plaintiff's Petition as "Exhibit A,"* (Petition, Ex. A)(hereinafter "Stipulation").  Defendant argues in its Response that *Standard Fire* nullifies Plaintiff's Stipulation. Response, at 4-5.  It does not. At the most, it nullifies just one part of the Stipulation; the remainder of the Stipulation still prevents removal.

Plaintiff herself has stipulated to limit damages. That stipulation is enforceable to Plaintiff, but (per *Standard Fire*) potentially not as to future class members.  Filling that gap, Plaintiff's Stipulation provides that "Plaintiff's counsel stipulates and affirms and covenants that ***any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery.***" *Id.*  In this case, Plaintiff's counsel – who singularly chooses the individual to present to the Court as a putative class representative – stipulates, as a condition of bringing and presenting this "action," that any such representative "must" "similarly stipulate …" to limiting recoverable damages. *Id.*[1]  Counsel's

---

[1] Plaintiff's counsel has the ability to not allow, or simply to not propose, a potential class representative for this *specific* "action" that does not agree to the Stipulation. The State Court can also enforce this

stipulation remains part of the action – and is similarly binding in the context of this action – in the same fashion as damages-limiting stipulations, which the Eighth Circuit made clear in *Rolwing* "are 'controlling and conclusive, and [which] courts are bound to enforce [].'" *Rolwing,* at 1072, citing *Zipper v. Health Midwest,* 978 S.W.2d 398, 410 (Mo. App. 1998)(quoting *Pierson v. Allen,* 409 S.W.2d 127, 130 (Mo. 1966)).  As the *Rolwing* court recognized, "Missouri courts will apply judicial estoppel to enforce the terms of [damage limiting] stipulations;" likewise, Missouri courts, which control, *inter alia*, the appointment of class counsel when certifying any class, can do precisely the same with counsel's stipulation. *See, e.g., Rolwing,* at 1072.  Thus, a class can only be certified subject to the class representative's damage-limiting stipulation.

Instead of giving a cogent explanation as to why Plaintiff counsel's stipulation is somehow unenforceable, Defendant sidesteps the question in favor of misleadingly conflating Plaintiff's two-part Stipulation with the stipulation in *Standard Fire*. Response, at 4-5.  The Eighth Circuit repeatedly has acknowledged that *Standard Fire* was limited to a situation where the plaintiff "stipulate[ed], *prior to class certification*, that *he and the class will not seek damages in excess…*" of the CAFA limit. *Gibson v. Clean Harbors Env't Servs., Inc.,* 840 F.3d 515, 517 n.1 (8th Cir. 2016)(emphasis added). Regardless of how far Defendant wants to stretch *Standard Fire,* it clearly did not concern a multi-part stipulation, involving Plaintiff and Plaintiff counsel's stipulations – such as Plaintiff has presented herein. The same is true of *Standard Fire*'s progeny cited by Defendant (*CMH Homes, Inc. v. Goodner,* 729 F.3d 832, 838-40 (8th Cir. 2013)(concerning materially-different, one-dimensional stipulation); *Goodner v. Clayton Homes, Inc.,* 2013 WL 5194113, at *4-5 (8th Cir. 2013)(same); *Embry v. Ventura Foods, LLC,* 2020 WL 3077058, at *3-4 (E.D. Mo. June 10, 2020)(same); *Fischer v. Vital Pharmaceuticals, Inc.,* 2022 WL 1185153, at *2 (E.D. Mo. April 21, 2022)(same).  The sort of stipulation the Eighth Circuit

---

provision in a variety of ways, the simplest being to refuse to certify a potential class "outside of" the Stipulation.

was concerned with in *Standard Fire* and its progeny is roughly equivalent to the *first* part of Plaintiff's Stipulation, but just the first part. The *Standard Fire* stipulation was materially-different from the *second* part of Plaintiff's Stipulation -- Plaintiff counsel's stipulation. Defendant gives no explanation as to why a Missouri court would refuse to enforce Plaintiff counsel's stipulation, or be unable to. This Court should not make such an assumption, which would go against the Missouri Supreme Court's general conclusion that such stipulations are "controlling and conclusive," with courts being "bound to enforce them." *Allen,* 409 S.W.2d at 130.

In other words, even though the proposed class is not legally bound before the class is certified, the Stipulation guarantees that any future class *will* be bound (upon certification), or such certification cannot occur (as it could be blocked by the Missouri State Court per the Stipulation). Consequently, this particular "action" is not removable. For these reasons, Plaintiff's Stipulation prevents removal, and this lawsuit must be remanded.

*Conclusion*

This case was improperly removed because Defendant either does not have – or simply refuses to provide – the sort of "specific evidence" necessary to initially show the amount in controversy. To the extent the amount in controversy could arguably be met, removal is nonetheless prevented by the complete terms of Plaintiff's Stipulation. Accordingly, this Court should **REMAND** this lawsuit to Missouri State court.

Respectfully submitted,

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

   The Undersigned hereby certifies that a copy of the foregoing document was provided to all counsel of record automatically via the Court's electronic filing system.

                     */s/   Daniel F. Harvath*

## CERTIFICATE OF SERVICE

       The Undersigned hereby certifies that a copy of the foregoing document was provided to all counsel of record automatically via the Court's electronic filing system.

_/s/   Daniel F. Harvath_              .
